UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                                                Plaintiff

v.                                                                                        Criminal Action No. 3:18-cr-46-RGJ

CHARLES CATER                                                                                              Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Charles Cater ("Cater") moves to sever from his Codefendants.[1] [DE 162]. He also moves dismiss for vindictiveness. [DE 213]. The United States responded to each motion requesting each be denied. [DE 169; DE 223]. Cater replied to each response. [DE 170; DE 231].

## BACKGROUND

A more exhaustive background has been previously set forth in this Court's memorandum opinion and order to suppress evidence [DE 195] and is incorporated herein.

In November 2016, the Drug Enforcement Administration's ("DEA") Louisville Field Division began investigating a drug trafficking organization ("DTO") "responsible for the importation and distribution of kilogram quantities of crystal methamphetamine, heroin, cocaine and marijuana into Louisville." [DE 140-2 at 489]. Cater was alleged to be involved in the DTO. [DE 140-1 at 484-95]. Cater's codefendant Javier Rodriquez ("Rodriguez") was the alleged head of the DTO. *Id.*

---

[1] Codefendant Dwayne Castle was also indicted on both counts in the Indictment against Cater [DE 23]. However, the Court granted Castle's guilty plea. [DE 90]. This order will thus address the motion to sever only with respect to codefendant Javier Rodriguez.

A detective with the Louisville Metro Police Department and a special agent with the DEA applied for, received, and executed search warrants related to the DTO. [DE 140-1; 140-2]. Cater was interrogated by and made statements to law enforcement. [DE 161].

In March 2018, a federal grand jury returned a two-count Indictment against Cater, Rodriguez, and Castle. [DE 23]. Count 1 of the Indictment alleges conspiracy to distribute methamphetamine and heroine. [*Id.* at 33]. Count 2 of the Indictment alleges use, possession, and discharge of a firearm during and in relation to a drug trafficking crime resulting in murder. [*Id.* at 34]. The Indictment also included special findings. [*Id.* at 34-35].

In October 2020, Cater moved to suppress the statements he made to law enforcement. [DE 140]. In August 2021, a federal grand jury returned a seven-count Superseding Indictment against Cater and Rodriguez. [DE 175]. Count 1 against Cater and Rodriguez alleges conspiracy to possess with intent to distribute controlled substances. [*Id.* at 1019]. Count 2 against Cater and Rodriguez alleges use, possession, and discharge of a firearm during and in relation to a drug trafficking crime resulting in murder. [*Id.* at 1020]. Count 6 against Cater alleges possession of a firearm by a felon. [*Id.* at 1024]. Lastly, Count 7 against Cater alleges conspiracy to obstruct justice-witness tampering. [*Id*].

In December 2021, the Court in part granted Cater's motion to suppress, allowing his pre-*Miranda* statements to be used only for impeachment purposes, and suppressed the rest of his statements. [DE 195].

## DISCUSSION

### I. Motion to Sever from other Defendants [DE 162]

Cater moves to sever his trial from his codefendant's trial "if the government intends to offer at trial out-of-court statements from Codefendants made to law enforcement (or other 3rd parties)." [DE 162 at 935].

### i. Standard

Federal Rule of Criminal Procedure 14 ("Rule 14") governs the severance of defendants. Rule 14 provides that if the proper joinder of defendants "appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a); *see also United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007).

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). But it is "well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540. "Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) (quoting *Zafiro*, 506 U.S. 534).

A defendant is prejudiced "if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense." *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982); *see also United States v. Harvey*, 653 F.3d 388, 396 (6th Cir. 2011) ("[j]urors are presumed to follow instructions"). Thus, "[a] request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (citation and internal quotation marks omitted). But "absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (*citing United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985)). The defendant bears the burden of proving prejudice. *United States v. Smith*, 138 F. App'x 775, 781 (6th Cir. 2005). Severance is discretionary, as "[t]he resolution of a Rule 14

motion is left to the sound discretion of the trial court." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006).

      *ii.*    *Discussion*

Cater moves to sever "if the government intends to offer alleged statements from codefendants" that are inadmissible "under *Bruton* and/or *Lily*." [DE 162 at 935-36]; *Bruton v. United States*, 391 U.S. 123 (1968); *Lilly v. Virginia*, 527 U.S. 116 (1999). Because of the "vast volume of statements"[2] and because the United States has not disclosed all of them, Cater does not specifically identify these statements and "can only speculate regarding what the government will attempt to admit into evidence at trial." [DE 162 at 935-36]. He argues that "[c]ertain confidential witnesses have made statements and given testimony that a Codefendant has made statements to them implicating themselves and also implicating" Cater. [*Id.* at 937]. He points to "[c]onfidential [d]iscovery pages"[3] and redacted statements in search warrant application affidavits. [*Id.*; DE 140-2 at 490-95]. These statements, he argues, are "facially incriminating," and if the United States introduces any of them, it will violate *Bruton* or *Lilly*. [DE 162 at 937].

"*Bruton* and its progeny [including *Lilly*] provide the contours for Sixth Amendment Confrontation Clause analysis as to a defendant's out-of-court statement implicating a co-defendant." *United States v. Mithavayani*, No. 6:17-CV-25-REW-HAI, 2018 WL 4959632, at *5 (E.D. Ky. Oct. 15, 2018). A non-testifying defendant's statement "expressly implicat[ing]" a co-defendant cannot be admitted at a joint trial. *Richardson v. Marsh*, 481 U.S. 200 (1987) (quoting *Bruton*, 391 U.S. 123 at n.1). Redacted statements directly implicating a co-defendant remain

---

[2] Cater states that "[t]he United States has produced over 830 Pages of intercepted statements from Codefendant Castle and 22,000 pages of intercepted statements relating to Codefendant Rodriguez." [DE 162 at 936].

[3] The Court does not have these pages before it, as Cater references them simply as confidential "so to not violate the protective order and avoid filings [sic] the motion under seal." [DE 162 at 937].

inadmissible. *See Gray v. Maryland*, 523 U.S. 185 (1998). However, a redacted statement that is "not incriminating on its face, and bec[omes] so only when linked with evidence introduced later at trial" is, if accompanied by appropriate limiting instructions, admissible at a joint trial. *See Richardson*, 481 U.S. at 211 ("[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence."). "A defendant is entitled to a fair trial but not a perfect one." *Lutwak v. United States*, 344 U.S. 604, 619 (1953).

Here, as in any multi-defendant case, there is the potential for *Bruton* issues. Although co-defendant Rodrigez's statements may implicate Cater, the United States has not indicated that it will introduce any of these statements. Based on its brief, the United States is aware of the potential *Bruton* issue and "does not intend to introduce any statements in violation of *Bruton*." [DE 169 at 981]. *See United States v. Stephenson*, No. 3:20-CR-00018-BJB-1, 2021 WL 5141871, at *6 (W.D. Ky. Nov. 3, 2021) (denying request for severance where defendant failed to identify specific statements and the United States indicated it was aware of the potential issue and gave no indication it would not comply with *Bruton*). If the statements can be redacted to be facially non-incriminating, no severance is necessary.[4] *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) (separate trials may not be necessary when a less drastic measure will cure potential prejudice); *see also United States v. Harvey*, 653 F.3d 388, 396 (6th Cir. 2011) ("[j]urors are presumed to

---

[4] Cater also asks the Court to order the United States to "identify any and all statements it intends to use" against Cater. [DE 162-1 at 947; DE 170 at 985]. This relief would require more of the United States than is required under the Rules. *See, e.g.*, *United States v. Newman*, No. 3:19-CR-59-TAV-DCP, 2020 WL 7294644, at *5 (E.D. Tenn. Dec. 10, 2020) (holding that voluminous discovery—terabytes of data—did not require the United States to specifically identify the discovery it intended to use during its case-in-chief); *and United States v. Warshak*, 631 F.3d 266, 296 (6th Cir. 2010) (observing that Fed. R. Crim. P. 16 does not require that discovery be indexed or organized in a specific way)).

follow instructions"); *and Richardson*, 481 U.S. at 211 ("the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted."); *but see Gray*, 523 U.S. 185 (redacted statements directly implicating a co-defendant remain inadmissible). Without specific statements, the Court cannot evaluate whether redaction is appropriate. If Cater is aware of specific statements that give rise to a *Bruton* issue, Cater may file a motion that includes those specific statements.[5]

Therefore, Cater has not met his burden at this time of showing prejudice to justify severance based only on a potential *Bruton* issue. *See Stephenson*, 2021 WL 5141871, at *6; *and United States v. Coffman*, No. 09-CR-181-KKC, 2010 WL 4102266, at *4 (E.D. Ky. Oct. 5, 2010). Accordingly, the Motion to Sever [DE 162] is **DENIED.**

**II.       Motion to Dismiss for Prosecutorial Vindictiveness [DE 213]**

Cater seeks dismissal of the charges against him, counts 1, 2, 6, and 7 of the Superseding Indictment, for prosecutorial vindictiveness. [DE 213].

A Defendant must bring a motion to dismiss for prosecutorial vindictiveness before trial. *See* Fed. R. Crim. P. 12(b)(3). However, courts may an waive the timing requirement of the rule by reserving the right of the defendant to make the motion after trial. *See United States v. Cortez*, 973 F.2d 764, 766 (9th Cir. 1992) ("district court waived the timing requirement of Rule 12" by

---

[5] In reply, Cater makes several new arguments, including that the amount of codefendant statements would make them prejudicial and confusing to the jury, and that the United States has not met its burden of first proving that the statements are not hearsay. [DE 170 at 987-91]. Those arguments raised for the first time in reply are waived for purposes of this motion. *See Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003); *Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986) ("Since defendant was deprived of an opportunity to address the issue by plaintiff's failure to raise this issue in his original brief, we will consider the issue waived."); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) ("We generally will not hear issues raised for the first time in a reply brief."). The Court notes that hearsay will not be admitted at trial, and that the Court cannot evaluate whether the statements are hearsay without the benefit of the statements themselves. Furthermore, the amount of evidence—or lack thereof—against a codefendant does not necessarily unfairly prejudice or confuse a jury, and without specific statements, the Court cannot evaluate confusion or prejudice. *See United States v. Abegunde*, 841 F. App'x 867, 874 (6th Cir.), *cert. denied*, 142 S. Ct. 520 (2021).

reserving defendant's right to make motion to dismiss for selective prosecution until after trial); Fed. R. Crim. P. 12(c), (d). The Court does so here.[6]

As a result, the Court **DENIES in part** the Motion to Dismiss Superseding Indictment [DE 213], holds its ruling on this motion in abeyance, and waives the timing requirement of the rule by reserving Cater's right to make the motion after trial.

## CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that**

1. Cater's Motion to Sever [DE 162] is **DENIED;**

2. Cater's Motion to Dismiss Superseding Indictment [DE 213] is **DENIED in part**.

Rebecca Grady Jennings, District Judge
United States District Court

June 23, 2022

Cc: Counsel of Record

---

[6] Trial will allow for the resolution of questions of fact surrounding the motion to dismiss that the development of facts and the jury may help resolve, for example those questions of fact that Cater's motion to dismiss explicitly discusses. [DE 213-1 at 1481]. *See United States v. Byars*, No. CRIM.A.06-91-KSF, 2006 WL 2366633, at *3 (E.D. Ky. Aug. 14, 2006) ("a defendant's motives and intentions are classic examples of questions of fact in most criminal trials"). The Court may more appropriately decide the motion after the development of such questions of fact.