**FILED**
James J. Vilt Jr,
Clerk
December 8, 2022
U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                         Plaintiff

v.                                                      Criminal Action No. 3:18-cr-046-RGJ

CHARLES CATER                                                                   Defendant

\* \* \* \* \*

# JURY INSTRUCTIONS

## SECOND SET OF INSTRUCTIONS

All the general instructions in pages 2-13 and 28-41 of the first set of instructions that I read to you earlier are applicable to your deliberations on the following counts.

**DEFINITION OF THE CRIME**
**Count 6: Possession of a Firearm by a Convicted Felon**

The indictment charges Charles Cater with being a convicted felon in possession of a firearm on or about February 23, 2018. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that the defendant has previously been convicted of a crime punishable by imprisonment for more than one year. Therefore, you must accept this fact as proved.

Second: That the defendant, following his conviction, knowingly possessed a Sig Sauer, Model P220, .45 caliber semiautomatic pistol, bearing serial number G317794.

Third: That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that the defendant knew he had been convicted of a crime punishable by imprisonment for more than one year. Therefore, you must accept this fact as proved.

Fourth: That the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured outside the commonwealth of Kentucky. The parties have stipulated that the firearm was manufactured outside the commonwealth of Kentucky. Therefore, you must accept this fact as proved.

The government does not have to prove that the crime happened on the exact date charged. But the government must prove that the crime happened reasonably close to that date.

Now I will give you more detailed instructions on some of these elements.

A) To establish possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

    a. ACTUAL AND CONSTRUCTIVE POSSESSION: Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

        i. To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

        ii. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

        iii. For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

iv. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

b. JOINT POSSESSION: One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the firearm. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned. But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide. The defendant does not have to own the firearm in order to possess the firearm.

B) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

C) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## DEFINITION OF THE CRIME
### Count 7: Conspiracy to Obstruct Justice—Witness Tampering

(1) Count 7 of the indictment accuses the defendant of a conspiracy to commit the crime of obstruction of justice by tampering with a witness from on or about and between April 6, 2021, and April 14, 2021, in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    (A) First, that two or more persons conspired, or agreed, to commit the crime of obstruction of justice.

    (B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

    (C) And third, that a member of the conspiracy did attempt to intimidate, threaten, and corruptly persuade another person, that is Witness 1, with intent to influence, delay, and prevent the testimony of Witness 1 in an official proceeding.

(3) The government does not have to prove that the crime happened on the exact date charged. But the government must prove that the crime happened reasonably close to that date.

(4) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

    Now I will give you more detailed instructions on some of these elements.

**Count 7: AGREEMENT**

(1) With regard to the first element--a criminal agreement--the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of obstruction of justice.

(2) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(3) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of obstruction of justice. This is essential.

(4) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

### Count 7: DEFENDANT'S CONNECTION TO THE CONSPIRACY

(1) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(2) This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

### Count 7: OVERT ACTS

(1) The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2) The indictment lists the following overt acts: that the defendant intimidated, threatened, and corruptly persuaded another person, that is, Witness 1, with intent to influence, delay, and prevent the testimony of Witness 1 in this case. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3) But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.