UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES      Plaintiff

v.      Criminal Action No. 3:18-cr-46-RGJ

CHARLES CATER      Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Charles Cater ("Cater") moves to dismiss the Indictment and Superseding Indictment on speedy trial grounds. [DE 407-1; DE 416]. The United States responded. [DE 413]. Cater did not reply despite being permitted time to do so. This matter is ripe. For the reasons below, Cater's motion to dismiss for speedy trial violations [DE 407-1; 416] is **DENIED**.

**I.  BACKGROUND**

A more exhaustive background has been previously set forth in this Court's orders [DE 195; DE 313; 395] which are incorporated here.

Cater was arrested on February 26, 2018. [DE 7]. In March 2018, a federal grand jury returned a two-count Indictment against Cater.[1] [DE 23]. The Court declared this case complex on the United States' unopposed motion on May 22, 2018. [DE 42; DE 44]. In August 2021, a federal grand jury returned a Superseding Indictment, with four counts against Cater: Count 1, conspiracy to possess with intent to distribute controlled substances, Count 2, use, possession, and discharge of a firearm during and in relation to a drug trafficking crime resulting in murder, Count 6, possession of a firearm by a felon, and Count 7, conspiracy to obstruct justice-witness tampering. [DE 175]. At arraignment, Cater entered a not guilty plea and maintained his

---

[1] Cater also had two co-defendants, Javier Rodriguez ("Rodriguez") and Dwayne Castle, whose charges are irrelevant to this motion. [DE 23].

innocence throughout trial, which began November 28, 2022. [DE 33; DE 368]. At the end of trial, the jury found Cater guilty of Count 1 and Count 6. [DE 386; DE 387]. Cater remains in custody awaiting sentencing.

## II.     DISCUSSION

### i.     Standard

The Speedy Trial Act requires the trial of a defendant to commence within seventy days of the latter of two events: "when the defendant is indicted, or when the defendant is arraigned." *United States v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989); 18 U.S.C. § 3161. "A defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending." *Blackmon*, 874 F.2d at 381. "Regardless of the degree of federal involvement in a state investigation and arrest, only a federal arrest initiates the running of the time limitation established by 18 U.S.C. § 3161." *Id.* ("An arrest by state officers, who are accompanied by federal officers, does not constitute an 'arrest' under section 3161") (citation omitted). "All defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant." *Id.* at 380. "To establish a violation of the Speedy Trial Act, [the defendant] must show that his trial commenced more than 70 days after his indictment or initial appearance, whichever is later, not counting excludable time." *United States v. Baugh*, 605 F. App'x 488, 491 (6th Cir. 2015) (citing 18 U.S.C. § 3162(a)(2)).

The right to a speedy trial is also guaranteed by the Sixth Amendment. *Barker v. Wingo*, 407 U.S. 514 (1972). The Sixth Amendment does not prescribe a specific time in which the defendant must be brought to trial, but "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated." *Id.* at 530; *United States v. O'Dell*, 247 F.3d 655, 666–67 (6th Cir. 2001). The Supreme Court has

identified four factors for courts to consider in whether a defendant has been deprived of his right to a speedy trial after arrest. *Id.* Those factors are: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* "A one-year delay between accusation and the beginning of trial is generally considered 'presumptively prejudicial.'" *United States v. Cope*, 312 F.3d 757, 777–78 (6th Cir. 2002).

      ii.    *Analysis*

Cater argues that the Indictment and Superseding Indictment violate his constitutional and statutory rights to a speedy trial under the Speedy Trial Act and the Sixth Amendment and his due process under the Fifth Amendment. [DE 407-1 at 3428]. He does not make any specific argument but generally argues that his rights were violated by "the significant delays in charging him; arresting him; detaining him; and bringing him to trial before a jury of his peers." [*Id.* at 3429]. The United States argues that Cater's motion is untimely as brought after trial and that there was no violation of his rights. [DE 413].

A motion to dismiss for violating the Speedy Trial Act must be brought before trial. *United States v. White*, 985 F.2d 271, 274 (6th Cir. 1993) (the Speedy Trial Act "requires that the defendant bring a motion for dismissal . . . prior to trial"). While Cater wrote several *pro se* letters referencing the Speedy Trial Act, Cater was represented by counsel, and his counsel made no such

motion before trial.[2]  Thus, Cater's Speedy Trial Act claim is fatally flawed, and the Court may deny his claim on this basis alone. *See United States v. Hendrickson*, 460 F. App'x 516, 520 (6th Cir. 2012) ("Hendrickson waived his speedy-trial claim under the Act because he failed to assert the claim prior to trial.").  Additionally, as the Court repeatedly recognized on the record, shortly after Cater's initial appearance the Court declared his case complex, so the ordinary 70-day deadline does not apply.  [*See* DE 44; DE 141; DE 156; DE 165; DE 197; DE 293; DE 318]. Additionally, Cater has made no quantified argument that his trial commenced more than 70 days after his initial appearance, not counting excludable time. [*See* DE 407-1]; *see also El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997); *and Singleton v. Astrue*, No. CIV.A. 09-333-GFVT, 2010 WL 6004448, at *3 (E.D. Ky. June 28, 2010), *report and recommendation adopted,* No. CIV. 09-333-GFVT, 2011 WL 843965 (E.D. Ky. Mar. 9, 2011) ("It is well-established that courts are not obligated to consider unsupported arguments inadequately developed in the briefs")  (quoting *Lewless v. Sec'y of Health & Hum. Servs.*, 25 F.3d 1049 (6th Cir. 1994) (Table) (internal quotation marks and formatting omitted).  The Court thus denies Cater's Speedy Trial Act claim.

---

[2] For example, in one letter Cater's wrote that his "SPEEDY TRIAL Sixth Amendment Rights Have Been Violated [sic]." [DE 343 at 3169].  However, even as acknowledged in that letter, Cater was represented by counsel, as he was throughout the pretrial process, and could not make his own motion as he has no right to hybrid representation. *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987).  Counsel made no pretrial motion to dismiss for speedy trial violations, and furthermore, the Court did not rule on any such motion. *See Hagar v. United States*, No. 22-3171, 2022 WL 18228283, at *2 (6th Cir. July 26, 2022), *cert. denied sub nom. HAGAR, MICHAEL A. v. UNITED STATES*, No. 22-6501, 2023 WL 2124167 (U.S. Feb. 21, 2023) (defendant "waived his speedy trial claims by failing to request and obtain rulings on his motions to dismiss before trial").  Thus, procedurally, the issue was not preserved.

As to Cater's Sixth Amendment claim, the Court need not reach this issue, as it did not find a Speedy Trial Act violation. *See United States v. DeJesus*, 887 F.2d 114, 116 n. 1 (6th Cir. 1989) (declining to reach Sixth Amendment speedy trial claim upon resolution of claim under the Speedy Trial Act, noting "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated") (quotations omitted). Nonetheless, the Court considers the four factors set forth by the Supreme Court.

The Court first considers length of delay. This factor is a triggering mechanism: "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647 (1992). A one-year delay is presumptively prejudicial. *United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007). Cater's case took more than a year to reach trial, and this delay thus triggers an analysis of the other factors.

Second, while Cater points only generally to "the significant delays in charging him; arresting him; detaining him; and bringing him to trial," the delays here had reasonable explanations. Many factors contributed to the delay from Cater's arrest on February 26, 2018 to his trial on November 28, 2022. The Court has previously noted some of these in Orders on other matters. For example, when Cater's codefendant Javier Rodriguez moved to continue the trial date, the Court denied the motion, noting it had declared the case complex based on the voluminous discovery, number of defendants, complexity of investigation, and need for completion of the capital review process. [DE 293 at 2885]; *United States v. Bass*, 460 F.3d 830, 837 (6th Cir. 2006) ("That the delay was caused by the case's complexity favors a finding of no constitutional violation") (collecting cases). The Court also noted that Defendants had also moved for continuances, so a significant amount of the delay is attributable to Defendants. [*Id.*; *see also, e.g.*,

DE 49; DE 109; DE 142; DE 147; DE 190; DE 221]. The record also reflects much delay caused by many defense motions. *See id.* For example, among other things the defense moved to suppress evidence, to sever from codefendants, to dismiss for prosecutorial vindictiveness, and for rulings on discovery issues. [DE 140; 162; DE 213; DE 265; DE 267; DE 288]. And the charges against Cater were serious: guns, drugs, murder, and witness tampering. [DE 175]. The United States also points out that much of Cater's case "transpired amidst a global Covid pandemic," there have been four judges assigned to this case, and that the Court held regular status conferences at which it found excludable time for Speedy Trial Act purposes, under no objection. [DE 413 at 3510]. Cater has also expressed dissatisfaction with representation many times, resulting in many filings and hearings about representation and four different appointed attorneys representing him throughout this case. [*See* DE 77; DE 105; DE 297; DE 336; DE 404; DE 406]. And Cater, while represented by counsel, has attempted to file many *pro se* motions, requiring the Court to resolve these on the record as well. And there is no evidence of for example, a "deliberate attempt to delay the trial in order to hamper the defense." *Barker*, 407 U.S. at 531. The reasons here thus weigh against finding a Sixth Amendment violation. *See Bass*, 460 F.3d at 836 ("Delays due to the complexity of the case and the large number of defendants support a finding that no Sixth Amendment violation occurred."); *and United States v. Brown*, 498 F.3d 523, 531 (6th Cir. 2007) ("there is no indication that the delay was motivated by the Government's bad faith or attempt to gain tactical advantage . . . [and] much of the delay here is attributable to Brown").

The Court next considers the defendant's assertion of his right. While Cater asserted his rights to a speedy trial in *pro se* letters to the Court, as noted above, Cater was represented by Counsel at all stages of the pretrial process, and Counsel did not file a pretrial motion. [*See* DE 343]. "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight

6

in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531–32. Thus, despite Cater's failure to bring this motion explicitly, the Court lightly weighs this factor in favor of Cater because of his *pro se* letters.

Finally, the Court considers the prejudice to the defendant. Again, Cater makes no specific argument on prejudice. *Bass*, 460 F.3d at 837 ("The final *Barker* factor favors a finding that there was no speedy trial violation because Bass fails to provide any particular evidence of prejudice.") The Supreme Court in *Barker* identified three of these interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Id.* "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* For example, "[i]f witnesses die or disappear during a delay, the prejudice is obvious." *Barker*, 407 U.S. at 532. Cater has made no showing or argument that he was prejudiced by any delay after his arrested. He does not state that any of his witnesses have died or disappeared, nor does he make any other argument that he was unable to adequately prepare his case. This factor supports finding Cater's Sixth Amendment right to a speedy trial was not violated.

The four Barker factors, on balance, show that Cater's Sixth Amendment right to a speedy trial has not been violated. While the length of the delay was presumptively prejudicial, the reasons for the delays show that it was not unusually long, given the charges against him and that some of the delay was attributable to the defense. Additionally, while Cater asserted his speedy trial right through *pro se* letters, he did not assert this right through a pretrial motion, and the lack of demonstrable prejudice weighs strongly in favor of finding his Sixth Amendment right to a speedy trial was not violated. The Court denies Cater's Sixth Amendment speedy trial claim.

Finally, "To the extent Defendant asserts a constitutional due process claim, his argument is perfunctory, and the Court does not consider it." *United States v. Taylor*, No. 04-80976, 2008 WL 1793359, at *2 (E.D. Mich. Apr. 18, 2008). While Cater cited constitutional due process, neither party analyzed the issue, so the Court does not further consider it.

As a result, Cater's motion to dismiss [DE 416] is **DENIED**.

### III.  CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that**

1. Cater's Motion to Dismiss based on violations of the Speedy Trial Act [DE 407-1; DE 416] is **DENIED**.

*Rebecca Grady Jennings, District Judge*
United States District Court

March 16, 2023

Cc:     Counsel of Record