UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                                         Plaintiff

v.                                                                              Criminal Action No. 3:18-cr-46-RGJ

CHARLES CATER                                                                                        Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Charles Cater ("Cater") *pro se* moves for release pending appeal. [DE 463]. For the reasons below, Cater's motion for release [DE 463] is **DENIED**.

**I.      BACKGROUND**

A more exhaustive background has been previously set forth in this Court's orders [DE 195; DE 313; 395] which are incorporated here.

Cater was arrested on February 26, 2018. [DE 7]. In March 2018, a federal grand jury returned a two-count Indictment against Cater.[1] [DE 23]. In August 2021, a federal grand jury returned a Superseding Indictment, with four counts against Cater: Count 1, conspiracy to possess with intent to distribute controlled substances, Count 2, use, possession, and discharge of a firearm during and in relation to a drug trafficking crime resulting in murder, Count 6, possession of a firearm by a felon, and Count 7, conspiracy to obstruct justice-witness tampering. [DE 175]. At arraignment, Cater entered a not guilty plea and maintained his innocence throughout trial, which began November 28, 2022. [DE 33; DE 368]. At the end of trial, the jury found Cater guilty of Count 1 and Count 6. [DE 386; DE 387]. The Court sentenced Cater to a total term of 262 months imprisonment and he is currently incarcerated. [DE 452; DE 456].

---

[1] Cater also had two co-defendants, Javier Rodriguez and Dwayne Castle. [DE 23].

## II.     DISCUSSION

### 1. Motion for Release [DE 463].

*i.     Standard*

Under 18 U.S.C. § 3143(b)(2), a defendant found guilty of a violation of the Controlled Substance Act shall "be detained." The jury convicted Cater of such an offense. Title 18 U.S.C. § 3145(c) establishes an exception to the mandatory detention provision of § 3143(b)(2). This exception enables the Court to release individuals who have met the conditions outlined in 18 U.S.C. § 3143(b)(1) for "exceptional reasons." 18 U.S.C. § 3145(c). The statute provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Thus, to overcome mandatory detention, Defendant must establish the presence of exceptional reasons that make detention inappropriate, as well as make two showings under § 3143(b)(1): (1) by clear and convincing evidence that he is unlikely to flee or pose a danger to the safety of any other person or the community, and (2) that his appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of time served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1).

*ii.     Analysis*

Cater argues that he should be released under the Bail Reform Act, because he is unlikely to flee or pose a danger to the community and he is likely to succeed based on motions for speedy trial violations, prosecutorial vindictiveness, wiretap procedure, *Franks v. Delaware*, and *U.S. v.*

*Davis*. [DE 463 at 4388-90]. Although Cater is now appealing his sentence, and is still represented by counsel and thus his *pro se* motion is inappropriate, the Court will consider it because he has filed the motion for release before this Court, and this Court retains jurisdiction over questions of custody. *See United States v. Krzyske*, 857 F.2d 1089, 1090–91 (6th Cir. 1988).

### a. Risk of Flight or Danger to Others

Cater has raised the issue of release numerous times throughout his incarceration, oftentimes *pro se* while represented by counsel. [DE 59; DE 60; DE 66; DE 70; DE 72; DE 119; DE 120; DE 125; DE 225; DE 228; DE 331; DE 347]. The Court previously determined, first on order of detention and later considering Cater's motions for release and motions for review, that Cater did not show by clear and convincing evidence that he is unlikely to flee or pose a danger to the safety of any other person or the community. [DE 58; DE 66; DE 123; DE 129; DE 230; DE 336; DE 339; DE 426]. The Court reasoned this was in part due to "the fact that Cater was subject to a lengthy period of incarceration if convicted; Cater's prior criminal history; his participation in criminal activity while on probation, parole, or supervision; his history of violence or use of weapons; and his prior failure to appear in court as ordered." [DE 58; DE 230]. As the Court has held, Cater's assertions, such as the instant statement that he is "NO danger to anyone," are insufficient to establish clear and convincing evidence that he is unlikely to flee or pose a danger to the safety of the community. [*See, e.g.*, DE 66 at 206-07]. Thus Cater's motion may be denied on this basis alone.

### b. Substantial Question of Law or Fact[2]

Cater argues there are substantial questions of law or fact on five grounds: (1) "violation of the Fast-n-Speedy [sic] Trial Act"; (2) "motion to dismiss for prosecutorial vindictiveness"; (3)

---

[2] The Court sees no reason Cater's motion would have been made for the purpose of delay, because Cater is already in custody.

"procedure for interception of wire, oral or electronic communication"; (4) Franks v. Delware [sic], which allows me to challenge disregard for the truth statment [sic] in the affidavit, the warrant"; (5) and "United States v. Davis on conspiracy can't be upheld as the predicate to a 924(c) (law and fact)." [DE 463 at 4389].

An appeal raises a "substantial question" of law or fact when it presents a "close question or one that could go either way." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (citing *United States v. Powell*, 761 F.2d 1227, 1233–34 (8th Cir. 1985)). "[T]he Sixth Circuit has held that 18 U.S.C. § 3143(b)(1)(B) 'does not require the district court to find that it committed reversible error' for it to find that the appeal raises a substantial question." *United States v. Roth*, 642 F. Supp. 2d 796, 799 (E.D. Tenn. 2009) (quoting *Pollard*, 778 F.2d at 1182). Nor must the Court find that the Defendant is likely to prevail on appeal. *Powell*, 761 F.2d at 1234. *See also United States v. Eaton*, No. 1:12CR-00011-JHM, 2013 WL 5328212, at *2 (W.D. Ky. Sept. 20, 2013). The defendant bears the burden of proving the questions raised are substantial. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

While Cater does not expand on his arguments, the Court will briefly provide the context, specifically prior arguments and orders, and discuss "substantial question" on these issues.

### (1) "Violation of the Fast-n-Speedy [sic] Trial Act" [DE 463 at 4389]

In a motion to dismiss filed after trial, Cater argued that his speedy trial rights were violated by "the significant delays in charging him; arresting him; detaining him; and bringing him to trial before a jury of his peers." [DE 407-1 at 3429]. The Court found Cater's speedy trial rights under the Speedy Trial Act and Sixth Amendment had not been violated and denied his motion. [DE 435]. The Court assumes Cater's argument is that there is a substantial question of fact as to whether his rights were violated. But the Court has already analyzed this issue and concluded the

law and facts show his rights were not violated under the Speedy Trial Act or Sixth Amendment. [DE 435]. This issue does not present a close question that could go either way.

### (2) "Motion to Dismiss for Prosecutorial Vindictiveness" [DE 463 at 4389]

Cater brought a motion to dismiss the superseding indictment, in part for prosecutorial vindictiveness, in February 2022, before trial. [DE 213]. The court denied the motion in part and held its ruling on the motion to dismiss on prosecutorial vindictive grounds in abeyance, waiving the timing requirement and reserving Cater's right to bring this motion after trial.[3] [DE 260 at 2175-76]. After trial, Cater orally renewed his motion, and the Court analyzed prosecutorial vindictiveness in bringing the superseding indictment. [DE 394]. The Court concluded that the circumstances of the case do not support a reasonable likelihood of vindictiveness and denied Cater's motion. This issue does not present a close question of law or fact, and thus Cater has not met his burden in raising this issue.

### (3) "Procedure for Interception of Wire, Oral or Electronic Communication" [DE 463 at 4389]

Before trial, the Court considered several motions related to wiretaps. [DE 293; DE 313]. The Court denied Cater's motion to copy the wiretaps, denied a motion to compel filing of unredacted wiretap applications, denied a motion to exclude evidence from wiretaps denied a motion to unseal wiretap applications, and considered matters related to these motions. [DE 293; DE 313]. During trial in a pro se motion orally adopted by counsel, Cater moved to exclude wiretap information, and the Court denied this motion as it had already analyzed and denied the exclusion of the wiretaps. [DE 313; DE 367]. There is no question of law or fact on this issue that could go either way.

---

[3] As discussed below, the Court discussed the rest of the arguments in the motion to dismiss, for grounds other than prosecutorial vindictiveness, in a later order.

### (4) *Franks v. Delaware*, 438 U.S. 154 (1978) [DE 463 at 4389]

Cater moved before trial for a hearing and to suppress evidence from search warrant under *Franks v. Delaware*, 438 U.S. 154 (1978). [DE 140]. The Court denied his motion to suppress and for a *Franks* hearing. [DE 153]. The Court finds no substantial question of law or fact on this issue.

### (5) "United States v. Davis on conspiracy can't be upheld as the predicate to a 924(c) (law and fact)" [DE 463 at 4389]

In his motion to dismiss before trial, Cater argued that the superseding indictment should be dismissed because the § 924(c) count was duplicitous. [DE 213]. Since trial, Cater has filed several pro se motions and notices arguing that United States v. Davis holds that conspiracy cannot be used as the predicate to a crime under 18 U.S.C. § 924(c).[4] [*See, e.g.*, DE 414].

In *Davis*, the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. *Id.* at 2336. "After *Davis*, a predicate offense qualifies as a crime of violence only if use of force is an element of the offense, and this excludes conspiracy charges." *United States v. Woods*, 14 F.4th 544, 552 (6th Cir. 2021), *cert. denied,* 211 L. Ed. 2d 612 (Jan. 24, 2022); *see also Portis v. United States*, 33 F.4th 331, 334 (6th Cir. 2022) ("Since Davis, we have limited the statute's application further, ruling that a conspiracy to commit Hobbs Act robbery does not count as a predicate 'crime of violence' for § 924(c) purposes, whether under the residual clause or the elements clause.") (citing *United States v. Ledbetter*, 929 F.3d 338, 361 (6th Cir. 2019)).

In essence, Cater's argument seems to be that the predicate offense for his § 924(c) charge is the conviction for conspiracy to possess with intent to distribute controlled substances. But the only count against Cater in the superseding indictment charged under 18 U.S.C. § 924(c) is Count

---

[4] Because Cater is represented by counsel and not entitled to hybrid representation, the Court has stricken many of these filings. [*See* DE 440].

2, "Use/Possession/Discharge of a Firearm During, and in Relation To, a Drug Trafficking Crime, Resulting in Murder." [DE 175 at 1020]. Count 1 was charged in violation of 21 U.S.C. § 846, 841(b)(1)(A) and (b)(1)(D). [*Id.*]. Count 6 was charged under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [*Id.* at 1024]. And Count 7 was charged under 18 U.S.C. 1512(b)(1) and (k). [*Id.* at 1024–25]. The jury found Cater not guilty of Count 2. [DE 386; DE 387]. Thus, even if Cater is correct and the United States erred in charging Cater with this crime, since he has been acquitted of the crime, no issue on § 924(c) or predicate offenses remains for the Court to decide. This issue thus is not a close question or one that could go either way.

Thus Cater articulates no substantial question of law or fact. The Court had examined and ruled on the issues Cater raised both during and after trial. Cater raises no novel factual or legal questions or issues doubtful to this Court when it issued its orders on the matters Cater refers to.

    *c.* *Exceptional Reason*

Even if Cater established both that he does not pose a danger to the community and a substantial question of law or fact, the Court must still find that he establishes "exceptional reasons" that would make the detention inappropriate pending resolution of this case under § 3145(c). Courts generally agree that the term "exceptional reasons" is limited to those situations which are "out of the ordinary," "uncommon," or "rare." *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary")). "Additionally, the cases establish that mere personal reasons, including caring for a family or gainful employment are not 'exceptional.'" *Miller*, 568 F. Supp. 2d at 774. *See also United States v. Christman*, 712 F. Supp. 2d 651, 656 (E.D. Ky. 2010); *United States v. Bush*, No. 3:12-CR-140, 2013 WL 3884505, at *3 (E.D. Tenn. July 26, 2013).

7

Cater makes no argument that there are exceptional reasons here and has not established an exceptional reason exists. *See United States v. Bunke*, No. 3:08 CR 65, 2009 WL 1117311, at *2 (N.D. Ohio Apr. 24, 2009) (denying motion for release where Defendant failed to describe exceptional reasons, even where he argued no danger and substantial question of law or fact). As a result, Cater's motion for release pending appeal [DE 463] is **DENIED**.

### 2. The Court's Jurisdiction Over Future Motions

Finally, the Court notes its jurisdiction over further pro se motions. As previously explained, Cater cannot file *pro se* motions while represented by counsel. [DE 335; DE 424]. Furthermore, Cater has filed a notice of appeal. [DE 454]. It is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," and "[t]he filing of a notice of appeal is an event of jurisdictional significance" that "confers jurisdiction on the court of appeals[.]" *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). That conferral of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Id.* Thus, as this Court generally lacks jurisdiction to hear his case, Cater should file future motions in his Sixth Circuit case, and such motions should be filed through counsel unless Cater has no representation. Cater is **WARNED** that any future filings in this case will be assumed to be within the jurisdiction of the Sixth Circuit and unless otherwise shown will be denied.

### III. CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that**

1. Cater's Motion for Release pending appeal [DE 463] is **DENIED**;

8

2. Cater is **WARNED** that any future filings in this case will be assumed to be within the jurisdiction of the Sixth Circuit and unless otherwise shown **will be denied**;

3. Cater's *pro se* "Rule 201: Judicial Notice of Adjudicative Facts" [DE 451] has been forwarded to counsel consistent with this Court's previous rulings [DE 335; DE 242] and is otherwise **STRICKEN** from the record.

Rebecca Grady Jennings, District Judge
United States District Court

April 28, 2023

Cc: Counsel of Record