UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                              Plaintiff

v.                                                  Criminal Action No. 3:18-cr-46-RGJ

CHARLES CATER                                                            Defendant

* * * * *

**MEMORANDUM OPINION AND ORDER**

Charles Cater ("Cater") *pro se* moves for "Amendment."  [DE 575].  For the reasons below,

Cater's motion [DE 575] is **DENIED**.

## I.      BACKGROUND

A more exhaustive background has been previously set forth in this Court's orders [DE

195; DE 260; DE 313; 394] which are incorporated here.

Cater was arrested on February 26, 2018.  [DE 7].  In March 2018, a federal grand jury

returned a two-count Indictment against Cater.[1]  [DE 23].  In August 2021, a federal grand jury

returned a Superseding Indictment, with four counts against Cater: Count 1, conspiracy to possess

with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846(b)(1)(A) and

(b)(1)(D), Count 2, use, possession, and discharge of a firearm during and in relation to a drug

trafficking crime resulting in murder, Count 6, possession of a firearm by a felon in violation of

18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Count 7, conspiracy to obstruct justice-witness

tampering.  [DE 175].  At arraignment, Cater entered a not guilty plea and maintained his

innocence throughout trial, which began November 28, 2022.  [DE 33; DE 368].  At the end of

trial, the jury found Cater guilty of Count 1 and Count 6.  [DE 386; DE 387].  The Court sentenced

---

[1] Cater also had two co-defendants, Javier Rodriguez and Dwayne Castle.  [DE 23].

1

Cater to a total term of 262 months imprisonment (262 months on Count 1 and 120 months on Court 6 to be served concurrently for a total term of 262 months) and he is currently incarcerated. [DE 452; DE 456].   Cater has made several post-conviction motions and several appeals have been made to the Sixth Circuit.

Cater's latest motion appears to make three requests.  First, Cater argues that he "received a (7) seven level variance by the Court and that Document 465 pg. 60 Trial Transcript pageID# 4451 that the Government nor the Courts didn't specify it by 'did not give reason on the variance.'" [DE 575 at 6478]. The Court interprets this as a request for specification of the reason for variance. Second, Cater argues that the Court "clearly stated there were different roles and 'stated' –I Mr. Cater was involved with less than the other (2) two defendants, but didn't give a role as too minor role or minimal role at required by 3553(a)." [*Id.*].  The Court interprets this as a request for a role adjustment.  Finally, Cater "ask[s] this Court to make a finding on the 821 Amendment and to apply with a role on the 3553(a) factor."  [*Id.*].

## II.     ANALYSIS

### A.  Specified Reason for Variance and Request for Role Adjustment

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Moreover, "[a]s a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals."  *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). None of the exceptions to this general divestiture of jurisdiction apply to the instant motion. *See Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) ("This transfer of power, however, does

not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." (citations omitted)).

Cater has appealed his sentence in this matter to the Sixth Circuit and that case remains pending.  The sentencing in this matter took place over two days and took a considerable amount of time.  The Court considered the guidelines, the 3553(a) factors, and fashioned a below guideline sentence which was sufficient but not greater than necessary. In doing so, the Court considered reasons to vary below the guideline range as well as the request for a minor or minimal role.  [DE 444; DE 465; DE 452; DE 459].  That record is before the Court of Appeals.  As a result, the Court is without jurisdiction to consider these requests.

**B.  Request for Sentence Reduction Under Amendment 821.**

On April 27, 2023, the United States Sentencing Commission ("USSC") submitted to Congress Amendment 821, which became effective November 1, 2023.  Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline ("U.S.S.G.") § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

Deciding a motion for retroactive application of Amendment 821 under 18 U.S.C. § 3582(c)(2) requires two steps. First, the Court determines whether the defendant is eligible for

relief under the amendment, and then it must consider whether reducing the sentence is supported by the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing § 3582(c)(2)).  Even if a reduction is authorized under § 1B1.10 of the Guidelines, the Court must determine whether consideration of the 18 U.S.C. § 3553(a) factors indicate a reduction is warranted. *Dillon*, 560 U.S. at 826.  "[D]istrict courts are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020).  Cater's motion does not pass the first step of this inquiry.

Cater's criminal history score was three at the time of sentencing.  [DE 428 at 3569, ¶50]. There were no "status points" applied under § 4A1.1(d).  [*Id.*].  As such, Part A of Amendment 821 is inapplicable.  Second, Cater was not a "zero point offender" as he had previously plead guilty and received a felony conviction for robbery in the first degree, kidnapping, and unlawful imprisonment in the first degree in Jefferson County Circuit Court Case No. 96-CR-1265-001. [*Id.*, ¶48].  For this conviction he received three criminal history points.  [*Id.*].  As a result, Part B of Amendment 821 does not apply.  Because Cater is not eligible for relief under Amendment 821, no further analysis is necessary or appropriate.

## III.    CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Defendant Cater's Motion for Amendment [DE 575] is **DENIED.**

Rebecca Grady Jennings, District Judge

United States District Court

August 14, 2024

cc:  Defendant, pro se