UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                                    Plaintiff

v.                                                                          Criminal Action No. 3:18-cr-46-RGJ

CHARLES CATER                                                                                  Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Charles Cater ("Cater") *pro se* moves to amend the Presentence Investigation Report ("PSR").[1] [DE 578]. This is Cater's second *pro se* request to amend his sentence or this Court's sentencing orders. [*See* DE 575; DE 576]. For the reasons below, Cater's motion [DE 578] is **DENIED**.

**I.     BACKGROUND**

A more exhaustive background has been previously set forth in this Court's orders [DE 195; DE 260; DE 313; 394] which are incorporated here.

Cater was arrested on February 26, 2018. [DE 7]. In March 2018, a federal grand jury returned a two-count Indictment against Cater.[2] [DE 23]. In August 2021, a federal grand jury returned a Superseding Indictment, with four counts against Cater: Count 1, conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846(b)(1)(A) and (b)(1)(D), Count 2, use, possession, and discharge of a firearm during and in relation to a drug trafficking crime resulting in murder, Count 6, possession of a firearm by a felon in violation of

---

[1] Cater's motion states "[t]his letter is concerning the J and C report that goes to Grand Prere and following to whatever institution." [DE 578 at 6495]. In the next sentence he references the PSR and notes that the report was read to him and included methamphetamine and fentanyl which Cater notes he "wasn't convicted of." [*Id.*]. As the Judgment and Commitment order [DE 452] does not reference the specific controlled substances that Cater discusses, the Court interprets this motion as a request to amend the PSR.
[2] Cater also had two co-defendants, Javier Rodriguez and Dwayne Castle. [DE 23].

18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Count 7, conspiracy to obstruct justice-witness tampering. [DE 175]. At arraignment, Cater entered a not guilty plea and maintained his innocence throughout trial, which began November 28, 2022. [DE 33; DE 368]. At the end of trial, the jury found Cater guilty of Count 1 and Count 6. [DE 386; DE 387]. The Court sentenced Cater to a total term of 262 months imprisonment (262 months on Count 1 and 120 months on Court 6 to be served concurrently for a total term of 262 months) and he is currently incarcerated. [DE 452; DE 456].

Cater has made several post-conviction motions and several appeals have been made to the Sixth Circuit. His appeal in Case No. 23-5368 remains pending and was ordered to continue in normal course despite dismissal of his two Petitions for Writ of Mandamus in Case Nos. 23-6105 and 24-5041. [DE 569; DE 573; DE 574].

This latest motion requests that the court amend his PSR to reflect that he was not convicted by the jury of certain controlled substances, specifically methamphetamine and fentanyl. [DE 578 at 6495]. He believes that the PSR erroneously includes those substances and that they should be removed from the report. [*Id.*]. These substances were the subject of extensive discussions during the two-day sentencing in this matter and an order was entered regarding the guidelines.

**II.     ANALYSIS**

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Moreover, "[a]s a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). None of the

exceptions to this general divestiture of jurisdiction apply to the instant motion. *See Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) ("This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." (citations omitted)).

Cater has appealed his sentence in this matter to the Sixth Circuit and that case remains pending. The sentencing in this matter took place over two days and took a considerable amount of time. The Court considered the guidelines, the 3553(a) factors, and fashioned a below guideline sentence which was sufficient but not greater than necessary. [DE 444; DE 465; DE 452; DE 459]. That record is before the Court of Appeals. As a result, the Court is without jurisdiction to consider these requests. Cater has been **WARNED** previously that this court is without jurisdiction to consider requests regarding his sentence and that these motions should be filed in the Court of Appeals. [DE 470 at 4470; DE 576 at 6481-82].

### III.    CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Defendant Cater's Motion to Amend [DE 578] is **DENIED** and Cater is again **WARNED** that any future filings in this case will be assumed to be within the jurisdiction of the Sixth Circuit and unless otherwise shown will be denied.

December 5, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Defendant, pro se